# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **HOWE RACING ENTERPRISES, INC.**<br><br>*Plaintiff*,<br><br>v.<br><br>**QA1 PRECISION PRODUCTS, INC.,**<br><br>*Defendant*. | Civil Action No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGMENT AND UNFAIR COMPETITION

Plaintiff Howe Racing Enterprises, Inc. ("Howe"), through its attorneys Rader, Fishman & Grauer, for its Complaint against Defendant QA1 Precision Products, Inc. ("QA1") states and alleges as follows:

### THE PARTIES

1. Plaintiff Howe is a Michigan corporation with its principal place of business located at 3221 Lyle Road, Beaverton, Michigan 48612.

2. On information and belief, Defendant QA1 is a Minnesota corporation with a principal place of business at 21730 Hanover Avenue, Lakeville, Minnesota 55044.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, and under Section 43(a) of the Lanham Act, Title 15 of the United States Code, Section 1125.

4. Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 1338 (a) and 15 U.S.C. §1121.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391 and 1400.

6. This Court has personal jurisdiction over QA1 because QA1 conducts and solicits business within this district and derives substantial revenue from the sales of its products within this district and elsewhere in Michigan, including the commission of acts of infringement by offering for sale and selling products that infringe one or more claims of United States Patent No. 8,662,783 (the "'783 Patent").

## BACKGROUND

7. Howe is the owner, by assignment, of all right, title and interest in and to the '783 patent, entitled "Premium Performance Ball Joint and System," including the right to seek remedies and relief for past infringement thereof.

8. The '783 Patent was duly and legally issued by the United States Patent and Trademark Office on March 4, 2014, to Kelly Molenaar, who has assigned his rights Howe. A copy of the '783 patent is attached as **Exhibit A.**

2

9. Howe has properly marked its products with appropriate patent numbers as provided for under 35 U.S.C. § 287, by listing the relevant patent numbers associated with such products on Howe's packaging, in the Howe product catalog and/or on Howe's web site, including the reference to "patent pending" prior to the March 4, 2014 issue date of the '783 Patent.

10. QA1 sells ball joints, ball joint studs and ball joint systems (hereinafter "accused products") under its QA1 brand to the automotive aftermarket supply chain, specifically, to warehouse distributors, who in turn sell the accused products to jobbers and other auto parts retailers.

11. As to Michigan specifically, QA1 has sold to Motor State Distributing, a worldwide warehouse distributor of high performance automotive parts and accessories in Watervliet, Michigan, with dealers in this district, including Drive Train Specialties (DTS) Parts Service, located in Warren, Michigan, Performance Warehouse in Garden City, Michigan and Car Parts & Accessories in Livonia, Michigan. DTS in particular has sold and distributed and currently sells and distributes within the Eastern District of Michigan accused products, including, but not limited to part number QA11210-105 (Upper Ball Joint- screw-in); QA19029-201 (Ball Joint Stud +.500). Other accused products that QA1 has imported, sold and/or offered for sale include: QA11210-101; QA11210-109.

12. The United States market for the sale of automotive aftermarket parts for high performance/race cars is small enough so that manufacturers monitor their competitors' new product launches and intellectual property protection.

13. Howe's radical new ball joint design generated much industry notice and acclaim when the product launched in December 2001. Members of the industry recognized that the design of the ball joints was revolutionary and it was common understanding in the industry, which includes QA1, that Howe had applied for patent protection for its ball joints.

14. **Exhibit B** contains three of Howe's ads that were placed during the launch, in which "patent pending" was indicated.

15. Based on the foregoing and on information and belief, QA1 has made its sales of the accused products with notice of Howe's intellectual property rights since at least as early as 2002. QA1 has, therefore, willfully, deliberately and wantonly engaged in acts of infringement of the '783 patent and such acts of infringement will continue unless enjoined by this Court pursuant to 35 U.S.C. §283.

## COUNT I

## INFRINGEMENT OF THE '783 PATENT

16. Howe realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

17. On information and belief, QA1 has willfully infringed upon, induced others to infringe upon, and continues to infringe upon, claim one, and other claims of the '783 patent. QA1's infringing activities in the United States and the Eastern District of Michigan include importing accused product into the United States from China, and/or making sales and offers to sell the accused product, both within and outside this district, embodying the features of Howe's patented invention. Such infringing activities violate 35 U.S.C. § 271 (a).

18. On information and belief, by promoting the sale of and selling accused products to its customers, QA1 has actively aided those customers to directly infringe the '783 patent, and, as a result of those promotions and sales those customers have directly infringed the '783 patent. QA1 either knew or should have known that its actions would induce actual infringement. QA1, therefore, is liable for actively inducing infringement in violation of 35 U.S.C. §271 (b).

19. As a consequence of the infringing activities of QA1 regarding the '783 patent as complained of herein, Howe has suffered monetary damages and irreparable damages and will continue to suffer such damages in the future unless and until QA1 infringing activities are enjoined.

## COUNT II

## UNFAIR COMPETITION

20. Howe realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

21. Upon information and belief, QA1 has indicated in its advertising or has attempted to mislead the reader in its advertising to believe that the accused ball joints are made in the U.S.A. when in truth its ball joints are made in China, or elsewhere outside of U.S.A.. Howe's patented ball joints (as are all of Howe's products) are made in America.

22. QA1 has also in advertising compared Howe ball joints with QA1 ball joints, falsely indicating that the ball joint application that QA1 was selling for $44.95 was comparable to one being sold by Howe for $88.50. The few ball joints that Howe has sold in the $85.00 range have been for specialty ball joints that are not available from QA1. On information and belief, QA1's statements are false and misleading. QA1's advertising is also false and defamatory in its message that Howe charges twice as much for an inferior product, when Howe's pioneer product is superior to QA1's infringing knockoff.

23. On information and belief, QA1's statements are either literally false and/or they actually or tended to deceive a substantial portion of the intended

audience and are material in that they will likely influence the deceived customer's purchasing decisions.

24. Howe's ball joints are sold in the same channels of trade (automotive aftermarket for high performance parts) as are QA1's products and the two entities are in commercial competition.

25. By its aforesaid conduct calculated to increase business and profits by deceiving and confusing the public into purchasing QA1 products and not Howe's products, QA1 continues to misappropriate both the protected technology and valuable goodwill of Howe, thus unfairly competing with Howe within the Eastern District of Michigan and elsewhere; and

26. QA1's activities constitute the making of false or misleading descriptions of fact, or false or misleading representations of fact, which…in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or another person's goods or commercial activities, thus violating 15 U.S.C. § 1125(a)(1)(B).

## REQUESTED RELIEF

Wherefore, Howe prays for judgment against QA1 as follows:

    A.    That US Patent No. 8,662,783 was duly and legally issued and is both valid and enforceable;

    B.    That QA1 be declared to have infringed and induced others to one or more claims of the '783 patent;

C. That QA1, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors and all others in active concert or participation with them or acting on their behalf be preliminarily and permanently enjoined from further infringement of the '783 patent;

D. That QA1, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors and all others in active concert or participation with them or acting on their behalf be directed to use their best efforts to recall from the trade any and all deceptive advertising and to deliver up to Howe for destruction or other disposition all such marketing, advertising and promotional materials used in connection therewith;

E. That QA1 be ordered to account for and pay to Howe all damages caused to Howe by reason of QA1's infringement of the '783 patent pursuant to 35 U.S.C. § 284, including any enhanced damages, as well as damages for convoyed sales;

F. That Howe be granted both pre-judgment and post-judgment interest on the damages caused to it by reason of QA1's infringement of the '783 patent and for violation of the 15 U.S.C. §1125;

G. That this be declared an "exceptional case" pursuant to 35 U.S.C § 285 and that QA1 be ordered to pay Howe's attorney fees and costs;

H. That QA1 be declared to have violated 15 U.S.C. § 1125;

I. That Howe be granted profits, damages and costs pursuant to 15 U.S.C. § 1117, and treble such profits and damages, and award Howe its attorney's fees; and

J. That Howe be awarded such other and further relief as the Court may deem just and equitable.

## **JURY DEMAND**

Howe demands a jury trial on all issues triable to a jury in this matter.

Respectfully submitted,

RADER, FISHMAN & GRAUER PLLC

Dated: May 14, 2014

/s/ Douglas P. LaLone (P45751)
Douglas P. LaLone (P45751)
Barbara L. Mandell (P36437)
Thomas A. Hallin (P29740)
*Attorneys for Plaintiff*
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Tel: (248) 594-0600
Fax: (248) 594-0610

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2014, I electronically filed the foregoing paper with the Clerk of the United States District Court, Eastern District of Michigan, using the CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/ Douglas P. LaLone (P45751)
Douglas P. LaLone (P45751)
Barbara L. Mandell (P36437)
Thomas A. Hallin (P29740)
RADER, FISHMAN & GRAUER PLLC
39533 Woodward Avenue
Bloomfield Hills, MI  48304
248-594-0650
dpl@raderfishman.com
*Attorneys for Plaintiff*